NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2012[*]
Decided March 28, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 11-3147 & 11-3432

| | |
|---|---|
| ASHA SUBRAYA BHAT, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 09 C 7329 |
| ACCENTURE LLP,[**] | |
| *Defendant-Appellee*. | Sheila Finnegan, |
| | *Magistrate Judge*. |

**O R D E R**

Asha Bhat, an Indian-American woman, appeals the summary judgment in favor of Accenture LLP, her former employer, in this suit claiming race, sex, and national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), 2000e-3(a), and 42 U.S.C. § 1981. We affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

[**] Bhat incorrectly listed Accenture, Inc. and Accenture Technology Labs as defendants. The proper defendant is Accenture LLP.

In late 2007 Bhat applied for a consultant position with Accenture's Technology Labs division and eventually was offered a more junior analyst position. Bhat pressed Accenture's recruiter to reconsider hiring her as a consultant, but was told she lacked the requisite experience; she accepted the analyst position.

After Bhat completed her first client project at Accenture, her project supervisor evaluated her work. The evaluation noted Bhat's strong analytical skills, earnestness, and ability to work independently, but also stated that Bhat pushed too hard for her ideas, had trouble accepting constructive criticism, and struggled to understand the project's business objectives. The supervisor sent Bhat a copy of the evaluation, and she responded that she would "ignore it" because it was unsolicited. When Bhat's career counselor at Accenture told her to review the evaluation with her supervisor, she complained that the supervisor had talked down to her and acted disrespectfully.

Bhat was dismissed from her next client project for performance problems. Her evaluation for this project (prepared by a different supervisor) stated that she resisted constructive feedback, failed to follow instructions, took too long to finish her assignments, and was unprofessional—on one occasion even bursting into tears at a client's site. Bhat's career counselor warned her that negative reports of her work were becoming a "trend" and she needed to change her behavior.

Bhat documented her own complaints about senior management. She filled out two internal forms assessing her career development at Accenture, and characterized senior management as often patronizing and concerned only with furthering their own interests. When Bhat later pitched an idea for a new "biometrics project" to a senior employee, who told her that the project was not commercially viable, she replied that she felt like she was "knocking on closed doors."

In late 2008 Accenture began laying off employees. Bhat, who had worked on almost exclusively non-billable, internal projects after being dismissed from her second client project, was fired in January 2009. That same month two other analysts—a white male and female —were also fired. Accenture offered Bhat severance, which she rejected.

After receiving a right-to-sue letter from the Equal Employment Opportunity Commission, Bhat brought this suit, claiming that Accenture discriminated against her based on sex, race, and national origin in violation of Title VII and § 1981. This discrimination, she asserted, took the form of Accenture's (1) hiring her as an analyst and not a consultant, (2) firing her, and (3) retaliating against her for her complaints against senior management. She also identified other instances of mistreatment, including the

brushoff of her idea for a new biometrics project. Bhat sought damages and injunctive relief, including release from an intellectual-property agreement so she could pursue her biometrics project outside of Accenture.

A magistrate judge, presiding with the parties' consent, 28 U.S.C. § 636(c), granted Accenture's motion for summary judgment, concluding that Bhat did not establish a prima facie case of discriminatory hiring, discriminatory discharge, or retaliation. Bhat's discriminatory hiring claim under Title VII was time-barred, the court asserted, because she did not file her charge with the EEOC within 300 days of the allegedly discriminatory job offer; nor could Bhat establish a prima facie case for that claim under § 1981 because she did not establish that she was qualified for the consultant position or that Accenture sought applicants with similar qualifications. As for her claim of discriminatory discharge under Title VII and § 1981, which share the same requirements under the indirect method of proof, *see McGowan v. Deere & Co.*, 581 F.3d 575, 579 (7th Cir. 2009), the court determined that she failed to establish a prima facie case because she did not show that she was meeting Accenture's legitimate job expectations or that similarly situated employees received more favorable treatment, and in any event she could not establish pretext. Finally, the court rejected Bhat's retaliation claim because she did not complain of discrimination before being discharged. Accenture was later awarded $765 in costs.

On appeal, Bhat challenges the court's determination that she did not establish a prima facie case of discriminatory discharge under Title VII and § 1981. She first contends that the court erroneously relied on her poor performance evaluations to conclude that she did not meet Accenture's legitimate job expectations. She states that the evaluations have "no basis in reality" and baldly asserts, without explanation, that she performed well at Accenture.

But Bhat failed to show that she met Accenture's expectations. She has not pointed to any evidence demonstrating that she performed well, and her conclusory statement is insufficient to permit her case to survive summary judgment, as her own evaluation of her work "cannot be imputed" to Accenture. *Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 603 (7th Cir. 2011); *see Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 531 (7th Cir. 2003). And the negative evaluations aside, Bhat does not dispute Accenture's other examples of her unprofessional conduct, including her emotional outburst at a client site and her recalcitrance in accepting supervisory feedback, nor does she contest that she was dismissed early from a client project for performance problems.

Even if Bhat could show that she was meeting Accenture's legitimate expectations, she cannot establish that there were similarly situated employees who were treated more favorably. Bhat notes that a white analyst, Erin Maneri, was not fired from Accenture but, as

the court rightly found, Bhat did not show that Maneri was a suitable comparator. Bhat provided no evidence that she and Maneri were "directly comparable in all material respects," *Dear v. Shinseki*, 578 F.3d 605, 610 (7th Cir. 2009); Bhat did not show that they shared background experiences, supervisors, or types of projects, or that both of them engaged in similar conduct or received similar performance evaluations, *see Coleman v. Donahoe*, 667 F.3d 835, 847 (7th Cir. 2012); *Abuelyaman v. Ill. State Univ.*, 667 F.3d 800, 810 (7th Cir. 2011). Bhat now argues that Marion Feral, a white, French consultant, was similarly situated to her and given preferential treatment, but Bhat waived this argument by not presenting it first to the district court. *See Ellis v. CCA of Tenn. LLC*, 650 F.3d 640, 650 (7th Cir. 2011). Because Bhat did not make out a prima facie case of discriminatory discharge, we need not reach her challenge to the district court's pretext analysis. *See Steinhauer v. DeGolier*, 359 F.3d 481, 485 n.3 (7th Cir. 2004).

Bhat next argues that she did establish a prima facie case of retaliation. She points to evidence that she complained about senior management in two internal career development forms as well as in her email response to the employee who denied her request to pursue her biometrics idea; she contends that these complaints were improperly rejected as not constituting protected activity. Bhat concedes that the complaints did not mention her race, sex, or national origin, but asserts that charges of discrimination based on membership in a protected class can be inferred from her comments about senior management's "patronizing behavior" and her frustration with "knocking on closed doors." We disagree. Although internal complaints may constitute statutorily protected activity, *see Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006); *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 963 (9th Cir. 2009), Bhat's general complaints failed to link senior management's behavior to discrimination and thus did not provide "facts sufficient to create that inference." *Tomanovich*, 457 F.3d at 663. The district court properly found that Bhat's complaints did not constitute protected activity for the purpose of her retaliation claim. *See O'Neal v. City of Chicago*, 588 F.3d 406, 409 (7th Cir. 2009); *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 850–51 (7th Cir. 2008).

Bhat also appeals the bill of costs, arguing that she is indigent and so the district court abused its discretion by awarding $765 to Accenture. But even assuming that Bhat cannot pay the bill of costs now, the court did not abuse its discretion in concluding that her two masters degrees, management experience, and continuing job search show that she is likely to be gainfully employed—and able to pay $765—in the future. *See Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006).

Finally, Bhat makes several procedural objections related to the court's disposition. We have examined these arguments and consider them to be without merit.

The judgment in appeal no. 11-3147 is AFFIRMED. The judgment in appeal no. 11-3432 is AFFIRMED.